IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| DAWUN FLEMING,<br>    Petitioner,<br><br>v.<br><br>TIPTON COUNTY COURT,<br>    Respondent. | )<br>)<br>)<br>)    Civ. No. 1:24-cv-01083-STA-jay<br>)<br>)<br>)<br>) |

**ORDER GRANTING MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* (ECF NO. 6);
DIRECTING PETITIONER TO SHOW CAUSE;
AND DENYING THE REMAINING PENDING MOTIONS (ECF NOS. 4 & 7)**

On April 11, 2024, Petitioner Dawun Fleming filed a *pro se* petition under 28 U.S.C. § 2254. (ECF No. 1, "Petition.") When Fleming filed the Petition, he was confined at the Tipton County Jail in Covington, Tennessee. (*Id*. at PageID 1; ECF No. 1-2 at PageID 20.) He failed to either (1) pay the $5.00 habeas filing fee required by 28 U.S.C. § 1914(a) or (2) submit an application to proceed *in forma pauperis* and a copy of his trust account statement. On May 10, 2024, the Court directed Fleming to (1) file an *in forma pauperis* affidavit and trust fund account statement, or (2) pay the $5.00 habeas corpus filing fee. (ECF No. 5.) On May 28, 2024, Fleming filed (1) a properly completed and signed Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 6) and (2) a trust fund account statement (ECF No. 6-1) (collectively, the "IFP Motion").

A habeas petition carries a filing fee of five dollars ($5.00). 28 U.S.C. § 1914(a). Fleming's trust fund account statement contained less than twenty-five dollars ($25.00) at the time

his motion to proceed *in forma pauperis* was filed.  (ECF No. 6-1 at PageID 32.)  For good cause shown, the Court **GRANTS** the IFP Motion.  (ECF Nos. 6 & 6-1.)

In the Petition, Fleming challenges "[t]he criminal procedure used to tr[y] the HMVO [Habitual Motor Vehicle Offender] charge" against him, calling it "unconstitut[i]on[a]l, amb[i]guous, and v[a]gue."  (ECF No. 1-1 at PageID 19.)  He contends that the "enhanced punishment for this crime is extreme." (*Id*.)  He seeks "to remove this charge from me and reinstate my driving privileg[e]s."  (*Id*.)  A recent search of the Tennessee Department of Correction's Felony Offender Information website reports Petitioner's status as "inactive."[1]  Because it appears that Fleming is no longer in custody, he is **ORDERED** to show cause within twenty-eight (28) days of the entry of this Order why the Petition and this case should not be dismissed as moot.  *See Spencer v. Kemna*, 523 U.S. 1, 7–8 (1998) (citing *Carafas v. LaVallee,* 391 U.S. 234, 237–38 (1968)) (a habeas petition is moot upon the petitioner's release from custody, unless some "concrete and continuing injury" or "collateral consequence[]" exists as a result of the detention challenged).  Fleming's failure to comply with this Order will result in dismissal of the Petition and this action without further notice pursuant to Fed. R. Civ. P. 41(b).

Furthermore, given Fleming's apparent release from the Tipton County Jail, his motion for appointment of counsel (ECF No. 4) and his motion for "a transport order and a court date" (ECF No. 7) are **DENIED** without prejudice, subject to Fleming's right to re-file those motions if this case proceeds.

IT IS SO ORDERED this 10th  day of December, 2024.

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

---

[1]  *See* https://foil.app.tn.gov/foil/details.jsp (showing Fleming's sentence end date as September 23, 2024) (last accessed Dec. 10, 2024).